Dear Senator Cravins:
I am in receipt of your request for an Attorney General's opinion concerning the transportation of students that are interested in attending an academy program offered outside their attendance zone. You have indicated in your request that the Lafayette Parish School System offers its students programs-of-interest (referred to as Academy Programs) at different high schools within its parish while at the same time maintaining current active enrollment at the school in their district to attend core curriculum courses. You seek an opinion request concerning the following:
 (1) When a student chooses to attend an academy outside of their attendance zone, transportation is the responsibility of the student and/or family. If the Lafayette Parish School system creates a program offering academy courses, is the school board responsible for or obligated to provide transportation for the student?
 (2) If a student is in transition from their home school zone to an academy outside their zone and that student is involved in an automobile accident in their vehicle, would the school system be held liable? According to R.S. 17:416, teachers are responsible for the students to and from school to assure an orderly conduct. Point of information, a student vehicle is not a schedule [sic] vehicle such as a school bus.
 (3) If the superintendent recommends expulsion for a student and that student is placed in an alternative school, should transportation be provided for the student?
In response to your first question, LSA-R.S. 17:158 sets forth the following requirements concerning transportation for any student attending school:
 A.(1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
In Attorney General Opinion 82-385, our office specifically addressed the authority of a school board to refuse to transport elementary school students to school outside of the attendance zones established by the school board.
As discussed in Opinion 82-385,
 [t]he requirement to provide transportation to students does not limit the authority of a school board to establish school districts.
Pursuant to LSA-R.S. 17:81, a school board has a broad grant of authority. LSA-R.S. 17:81C(1) provides:
 Each city or parish school board is authorized to make such rules and regulations for its own government not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
In Opinion 82-385 our office pointed out that:
 . . . the school board has adopted attendance zones for its students. Each student is assigned to a specific school and transportation is provided in accordance with R.S. 17:158. By refusing to transport students to other attendance zones the school board violates no statutory provision. On the contrary, R.S. 17:1373
provides in part, "The parish school board is the governing body of all school districts created by it . . ."
Our office opined that a school board has the authority to govern its districts. A school board is not required to provide transportation to students wishing to attend schools in districts other than the ones to which the students are assigned.
In Attorney General Opinion 93-284 our office reviewed Opinion 82-285. We noted LSA-R.S. 17:1371A which provides that parish school boards may at any time create school districts "composed of the parish as a whole or any part or parts thereof. . ."
Our office stated that:
 LSA-R.S. 17:158(A)(1) provides transportation for student's living more than one mile from a school of suitable grade and which is within the jurisdictional boundaries of the school board. LSA-R.S. 17:158(A)(1) does not create an absolute right on the part of a student to receive transportation to any public school he or she may decide to attend.
 Therefore, it is the opinion of this office that Attorney General Opinion Number 82-385 remains valid and, thus, there is no right on behalf of public school students to be transported to a public school outside the district to which they have been assigned by a school board.
Therefore, if a student chooses to attend an academy outside of their attendance zone, transportation is not mandated by LSA-R.S. 17:158. However, it has been brought to my attention, that Lafayette Parish is under a pending desegregation order. I have also been informed that this "academy program" or "theme program" has been submitted to the federal court as part of the School Board's effort in being in compliance with the desegregation order. Please reference the order approved by the Court for any requirements concerning transportation.
In response to your second question, a review of the Lafayette School Board's insurance policy would be necessary to determine whether the Board provides insurance in this situation or whether the Board requires a release of liability to be signed by the parent(s) or custodian of the student in order for the student to drive to another high school outside of his or her attendance zone.
In response to your third question, if the superintendent recommends expulsion for a student and that student is placed in an alternative school, transportation is not required to be provided to a student.
As discussed in LSA-R.S. 17:416A(dd) concerning discipline of pupils,
 Notwithstanding any provision of R.S. 17:158 to the contrary, a school system shall not be required to provide transportation to any pupil reassigned to attend a school pursuant to the provisions of this item if providing such transportation for the pupil will result in additional transportation costs to the school system.
Additionally, this is also included in LSA-R.S. 17:416.2(E). It states:
 Notwithstanding any provision of R.S. 17:158 to the contrary, a school system shall not be required to provide transportation to any student suspended or expelled from school pursuant to the provisions of R.S. 17:416 and remaining under the supervision of the governing authority of the school system taking such action pursuant to subsection A of this Section if providing such transportation for the student will result in additional transportation costs to the school system. No school system shall be liable for any suspended or expelled student providing his own transportation pursuant to the provisions of this Section.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
DATE RELEASED: August 28, 2003